J-A01030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ISAAC CARROLL | : | |
| | : | |
| Appellant | : | No. 2893 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 15, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011983-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ISAAC CARROLL | : | |
| | : | |
| Appellant | : | No. 2895 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 15, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011984-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ISAAC CARROLL | : | |
| | : | |
| Appellant | : | No. 2896 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 15, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011995-2015

J-A01030-24

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ISAAC CARROLL :
:
Appellant : No. 2897 EDA 2022

Appeal from the Judgment of Sentence Entered October 15, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001212-2016

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED FEBRUARY 23, 2024**

Isaac Carroll appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas on October 15, 2020. On appeal, Carroll challenges the sufficiency and weight of the evidence, along with the discretionary aspects of his sentence. As we find Carroll has waived all of his issues raised on appeal, we affirm.

On January 10, 2020, following a bench trial, the trial court found Carroll guilty under docket CP-51-CR-0011983-2015 of rape of a child, involuntary deviate sexual intercourse ("IDSI"), corruption of minors, unlawful contact with a minor, and indecent assault of a person less than 13 years of age. Under docket CP-51-CR-0011984-2015, the court found Carroll guilty of rape of a child, IDSI, corruption of minors, and indecent assault of a person less than 13 years of age. Under docket CP-51-CR-0011995-2015, the court found

---

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

Carroll guilty of attempted rape of a child, attempted IDSI, corruption of minors, unlawful contact with a minor, and indecent assault of a person less than 13 years of age. Finally, under docket CP-51-CR-0001212-2016, the court found Carroll guilty of corruption of minors, indecent assault of a person less than 13 years of age, and unlawful contact with a minor. Sentencing was deferred for preparation of a pre-sentence investigation report ("PSI").

On October 15, 2020, the trial court sentenced Carroll to an aggregate term of thirteen to thirty-six years' incarceration, to be followed by one year probation. Carroll filed a timely post-sentence motion, which was denied. Carroll subsequently filed a timely notice of appeal to this Court. However, on March 17, 2021, this Court dismissed Carroll's appeal for failure to file a brief.

Carroll filed a motion to file a *nunc pro tunc* appeal. The trial court granted the motion and reinstated Carroll's appellate rights. This timely *nunc pro tunc* appeal followed.

Carroll raises the following issues on appeal:

1. Whether the evidence presented at trial was sufficient to establish each and every element of the crimes of rape of a child, involuntary deviate sexual intercourse with a child, unlawful contact with a minor, indecent assault of a child, attempted rape of a child, attempted involuntary deviate sexual intercourse with a child, and corruption of minors.

2. Whether the jury verdict was against the weight of the evidence.

3. Whether the sentencing court abused it's [sic] discretion by imposing a sentence that was not based upon the gravity of the violation, the extent of appellant's record, his prospect of rehabilitation, nor an assessment of the mitigating and

aggravating factors as noted in 42 Pa.C.S.A. Section 9721 of the Sentencing Code.

Appellant's Brief, at 8.

In his first two issues, Carroll challenges both the sufficiency and weight of the evidence supporting his convictions. We are constrained to conclude both challenges are waived.

It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. *See* Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge"). A Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal. *See Commonwealth v. Dowling*, 778 A.2d 683, 686-687 (Pa. Super. 2001) ("a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all").

In relation to a claim that the evidence was in insufficient to sustain the verdict, we have previously stated:

> If [an appellant] wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient.

- 4 -

> This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [ ] does not specify the allegedly unproven elements[,] ... the sufficiency issue is waived [on appeal].

*Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (citation omitted). Further, waiver applies even where the trial court addresses the issue in its Rule 1925(a) opinion and where the Commonwealth does not object to the defective Rule 1925(b) statement. *See Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) ("The Commonwealth's failure and the presence of a trial court opinion are of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim.") (citations omitted).

Here, Carroll's Rule 1925(b) statement simply includes a blanket statement that the "evidence presented at trial was insufficient to sustain a conviction as a matter of law" and takes issue with the general lack of physical evidence "to support the conviction". Appellant's 1925(b) Statement, 11/11/2022. The statement fails to "specify the element or elements upon which the evidence was insufficient" to support Carroll's conviction. The statement does not even indicate which charges Carroll is challenging. As a result, we must conclude Carroll's sufficiency of the evidence claim is waived on appeal. *See Williams*, 959 A.2d at 1257-1258.

Further, a review of the record reveals Carroll did not properly preserve a weight challenge before the trial court.

Pennsylvania Rule of Criminal Procedure 607(A) requires a challenge to the weight of the evidence to be raised with the trial court in a motion for a new trial that is presented "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). "Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." **Commonwealth v. Lofton**, 57 A.3d 1270, 1273 (Pa. Super. 2012) (citation omitted).

> In his post-sentence motion, Carroll raised only one issue as follows:
>
> The weight of the evidence presented by the Commonwealth was insufficient to sustain a verdict of guilty as to any of the charges. The testimony of the complaining witness/witnesses was incredible and uncorroborated by any credible and/or unbiased evidence. The Commonwealth failed to present any physical and/or scientific evidence to corroborate the incredible testimony of the complaining witness/witnesses.

Post-Sentence Motion, 10/26/2020, at ¶ 3. It has long been the law in Pennsylvania that a boilerplate post-sentence motion merely stating the verdict was against the weight of the evidence preserves no issue for appellate review unless the motion specifies in what way the verdict was against the weight of the evidence. **See Commonwealth v. Rivera**, 238 A.3d 482, 497 (Pa. Super. 2020).

Further, it is unclear from this single-issue statement whether Carroll meant to challenge the sufficiency or weight of the evidence. The avenue of relief sought does not clear up this discrepancy either. Carroll simply titled his

- 6 -

motion generally as "Post-Sentence Motion." In the motion itself, Carroll requested the trial court vacate his conviction and sentence. This remedy would be applicable to a challenge to the sufficiency of the evidence only. **Compare** Pa.R.Crim.P. 607 (specifying that the remedy for a challenge to the weight of the evidence is a new trial) *with* Pa.R.Crim.P. 606, (specifying that the remedy for a challenge to the sufficiency of the evidence is a judgment of acquittal).

This discrepancy occurs again in Carroll's 1925(b) statement. While Carroll includes an issue statement purporting to challenge the weight of the evidence, he does so on the basis that "[t]he Commonwealth failed to establish beyond a reasonable doubt each element of every crime for which appellant was convicted." Appellant's 1925(b) Statement, 11/11/2022. Again, Carroll conflates the distinct issues of sufficiency and weight of the evidence. "A true weight of the evidence challenge concedes that sufficient exists to sustain the verdict but questions which evidence is to be believed." **Commonwealth v. Spence**, 290 A.3d 301, 310 (Pa. Super. 2023) (citation omitted).

In framing his issue as a challenge to the weight of the evidence, Carroll conflates two distinct claims with different standards of review. In **Commonwealth v. Widmer**, 744 A.2d 745 (Pa. 2000), our Supreme Court highlighted the distinction between a challenge to the sufficiency of the evidence, which contests the quantity of the evidence presented at trial, and

a challenge to the weight of the evidence, which attacks the quality of that evidence.

> The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, whereas a claim challenging the weight of the evidence if granted would permit a second trial.
>
> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficiency to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Widmer*, 744 A.2d at 751–52 (citations, footnotes, and quotation marks omitted).

In arguing that his convictions are against the weight of the evidence, Carroll maintains that the Commonwealth failed to establish beyond a reasonable doubt each element of every crime for which Carroll was convicted. In doing so, Carroll misunderstands the nature of a challenge to the weight of the evidence, which "concedes that there is sufficient evidence to sustain the verdict." *Id.* at 752. Carroll's contention that the Commonwealth failed to establish every single element of every single crime for which he was convicted presents a challenge to the sufficiency, rather than the weight, of the evidence.[1] Accordingly, Carroll has failed to preserve a weight challenge for our review.

Even if Carroll had preserved a weight challenge, we would nevertheless find the issue without merit. "[W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citations omitted).

In its initial opinion, the trial court makes it clear that the complainants' testimony was credible. *See* Trial Court Opinion, 10/13/21, at 10. The trial court indicates the children's testimony was materially consistent and they

_____

[1] It is worth noting that Carroll was convicted under four separate dockets with multiple charges under each docket. Accordingly, such a vast claim challenging every single element of every single crime for which he was convicted, without offering specific reasons as to why those verdicts were contrary to the weight of the evidence, or insufficient, is far too vague for meaningful review under either standard of review.

identically testified about the assaults committed by Carroll. The court clarifies that any minor imprecisions in the children's testimony did not outweigh their materially consistent testimony. After a comprehensive review of the record, we cannot conclude the trial court's reasoning constituted an abuse of its discretion.

Looking back at Carroll's contentions regarding the sufficiency and weight of the evidence, we again look to the review performed by the trial court. In its Amended Opinion filed on February 3, 2023, the trial court addressed Carroll's challenges to the sufficiency of the evidence and examined the record in detail with reference to each charge. The trial court concluded that his arguments were meritless. **See** Trial Court Amended Opinion, 2/3/23, at 7 – 10. Additionally, as stated above, the trial court found the weight of the evidence claim to be meritless. **Id**. at 11. Upon review of the trial court's well written and comprehensive Amended Opinion and the certified record, we discern no abuse of discretion or error of law by the trial court. Accordingly, we additionally affirm on the basis of the trial court's Amended Opinion with regard to these issues.

In his final issue raised on appeal, Carroll argues the trial court erred in imposing a sentence that was not based on the gravity of the violation, the extent of Carroll's record, his prospect of rehabilitation, or an assessment of the mitigating and aggravating factors. Carroll concedes this is a challenge to the discretionary aspects of his sentence. "A challenge to the discretionary

aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

A defendant can only preserve a claim to the discretionary aspects of a court's sentence if he notes a specific objection at the sentencing hearing or in a post-sentence motion. ***See id***. Carroll did not object to any aspect of his sentence at the sentencing hearing. Accordingly, to preserve a challenge to the discretionary aspects of his sentence, he was required to note specific challenges to the court's discretion in his post-sentence motion.

In his post-sentence motion, Carroll only raised an issue blending the issues of sufficiency and weight of the evidence. Carroll did not raise any issue directly challenging his sentence. Because Carroll failed to raise the instant discretionary sentencing issue in a post-sentence motion or at sentencing, we find his issue waived. ***See Commonwealth v. Griffin***, 65 A.3d 932, 936 (Pa.

Super. 2013) ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." (citation omitted)); *see also* ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*) (concluding substantial question was waived for failing to raise it at sentencing or in post-sentence motion).

Further, while counsel included the required Rule 2119(f) statement, we find it would have been inadequate to raise a substantial question for our review. We must examine a Rule 2119(f) statement to determine whether a substantial question exists. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation and emphasis omitted); ***see also*** Pa.R.A.P. 2119(f).

Carroll "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***McAfee***, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Tirado***, 870 A.2d at 365. "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a

substantial question exists." ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012).

> Finally,
>
> a Rule 2119(f) statement that simply "contains incantations of statutory provisions and pronouncements of conclusions of law" is inadequate.
>
>> Rather, only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence.

***Commonwealth v. Bullock***, 868 A.2d 516, 529 (Pa. Super. 2005) (citations omitted).

Limiting our review to Carroll's Rule 2119(f) statement, we conclude he has failed to raise a substantial question. Carroll has included what purports to be a Pa.R.A.P. 2119(f) statement in his brief. However, that statement consists of only a single paragraph of boilerplate pronouncements of law. Nowhere in the statement does Carroll indicate anything specific to his particular case. He includes no citation to authorities, nor does he cite to the record at all. Carroll has therefore failed to set forth a substantial question to justify our review of the discretionary aspects of the sentence imposed.

Even if we had not found Carroll's issue waived, we discern no abuse of the court's discretion in imposing sentence. To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be patently

- 13 -

excessive. Here, in its opinion on appeal, the trial court explained its process

in arriving at a proper sentence:

> As noted at sentencing, this court considered the gravity of the offenses as it related to the young victims, the protection of the public and [Carroll]'s rehabilitative needs. The court took into consideration that [Carroll] waived his right to a jury trial. [Carroll]'s mental health issues and learning disabilities were also considered. [Carroll] had family support as exhibited through the testimony of Aretha Carroll Wilson, Mary Reid and Marie Carroll.
>
> This Court also considered the character of [Carroll], the impact on the four (4) minor victims, the victim impact statement, and [Carroll]'s lack of remorse.
>
> Carefully reviewed and considered was the pre-sentence investigation, the mental health evaluation, the argument of both counsel and the Commonwealth's sentencing memorandum.

Trial Court Opinion, 10/13/21, at 11-12; Trial Court Amended Opinion,

2/3/23, at 11-12. Further, in concluding its sentence was appropriate, the trial

court explained:

> [Carroll]'s sentence of thirteen (13) to thirty-six (36) years' incarceration is singularly appropriate considering his depraved crimes. [Carroll] took advantage of the minors' trust in him to heinously, repeatedly, abuse them in their own home. Given [Carroll]'s depraved conduct, this Court's sentence was far from excessive, and [Carroll]'s appeal on this ground is frivolous.

*Id.* at 12.

Contrary to Carroll's assertions, the trial court considered the mitigating

circumstances Carroll claims it did not. Moreover, as the trial court specifically

noted, it had the benefit of a PSI report. Where a trial court has a PSI, "it is

presumed that the sentencing court was aware of the relevant information

regarding defendant's character and weighed those considerations along with

- 14 -

mitigating statutory factors." *Tirado*, 870 A.2d at 368 (citation and internal quotations marks omitted); *see also Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted) ("It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand").

As we find Carroll's issues on appeal are all waived, and otherwise without merit, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/23/2024